FILED

08/04/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0758

DA 25-0758

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 185N

NIMACHIA HOWE,

  Plaintiff and Appellant,

  v.

CELTIC MOTORS,

  Defendant and Appellee.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-15-2025-0631(B)
Honorable Paul Sullivan, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Nimachia Howe, Self-Represented, East Glacier Park, Montana

Submitted on Briefs: July 22, 2026

Decided:  August 4, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nimachia Howe appeals the Eleventh Judicial District Court's order denying her appeal from the Flathead County Small Claim Court's judgment in favor of Celtic Motors. Howe alleged that Celtic Motors engaged in deceptive business practices when repairing her vehicle. Howe challenges the District Court's conclusion that the Small Claims Court did not clearly err when it found Celtic Motors's witnesses credible and allegedly ignored key documents. We affirm.

¶3 In February 2025, Howe filed a complaint against Celtic Motors in the Small Claims Division of Flathead County Justice Court. Howe claimed that Celtic Motors used a "bait and switch" tactic when it installed her vehicle's brake pads. The Small Claims Court held trial in April 2025. Howe; Lynn Evans, the owner of Celtic Motors; and Victor Canavan, a certified BMW technician and mechanic for Celtic Motors testified. The parties submitted several exhibits, including estimates, invoices, and email exchanges between Alex Evans (Lynn Evans's daughter) and Howe.

¶4 At trial, Howe alleged that she and Celtic Motors orally agreed to repair her vehicle with BMW brake pads sometime between July and August 2022. Howe testified that when she took her vehicle to a different mechanic in January 2023, she discovered that Celtic

2

Motors installed Textar brake pads in contradiction to the parties' agreement. Howe submitted invoices and receipts showing that Celtic Motors had replaced her brake pads. And though Howe referenced a written estimate that she said demonstrated that Celtic Motors agreed to repair her vehicle with BMW brake pads, no such written estimate was admitted into the trial record.

¶5     Lynn Evans attested that since 2015, Celtic Motors had installed Textar brake pads in Howe's vehicle without issue. In an email exchange between Alex Evans and Howe, Alex Evans explained that Celtic Motors was transparent in the parts they used, and unless a customer specified otherwise, the shop consistently installed Textar brake pads. Canavan testified that BMW did not make brake pads and instead sourced them from various suppliers, including Textar. He explained that Textar and BMW brake pads were essentially the same quality with the only difference being that one brand bares a stamp with BMW's name. Canavan stated that the BMW brake pads tend to cost about $100 more because of that stamp. He added that Celtic Motors's customer invoices indicated part numbers but did not reference specific brands. Alex Evans's email exchange with Howe made similar averments.

¶6     The Small Claims Court pronounced that without anything to dispute Canavan's testimony, Celtic Motors did the work as requested and that there was no material difference between BMW and Textar brake pads. The Small Claims Court dismissed Howe's claim. Howe timely appealed to the District Court in May 2025. The District Court determined that Howe failed to present a question of law and that substantial

3

evidence did not support Howe's claims that Celtic Motors used bait and switch tactics when it installed her vehicle's brake pads.

¶7 "This Court reviews a district court's decision on appeal from a justice court as if the appeal had been filed originally in this Court, applying the same standards of review governing the lower court's order." *Hennon v. Weber*, 2025 MT 260, ¶ 11, 425 Mont. 14, 579 P.3d 151 (citation omitted). "A district court's inquiry on appeal from a small claims court is limited to determining whether the small claims court correctly resolved questions of law." *Brown v. MacDonald*, 2007 MT 197, ¶ 7, 338 Mont. 390, 165 P.3d 1125 (citing § 25-35-803(2), MCA). Whether a small claims court's factual findings are clearly erroneous is a question of law. *Brown*, ¶ 7 (citation omitted). A factual finding is clearly erroneous if substantial credible evidence does not support the finding, the court misapprehended the effect of the evidence, or if "the record leaves the reviewing court with a definite and firm conviction that a mistake has been committed." *Brown*, ¶ 7 (citation omitted).

¶8 Howe contends that the District Court clearly erred when it affirmed the Small Claims Court's determination that BMW brake pads are the same quality as Textar. She alleges that Lynn Evans and Canavan misled the Small Claims Court and that the price difference conflicted with the witnesses' statements that the brake pads' quality was the same. The Small Claims Court, "as the fact finder, is in the best position to assess witnesses' credibility and testimony, and it is not our job to assess whether contrary findings could have been made." *Bryer v. Accident Fund Gen. Ins. Co.*, 2023 MT 104, ¶ 47, 412 Mont. 347, 530 P.3d 801 (citation omitted). This Court does not resolve conflicts

4

of evidence and defers to the trial court on determinations of credibility and weight given to witness testimony. *Bryer*, ¶ 47.

¶9 The Small Claims Court gave weight to Canavan's testimony as a mechanic and certified BMW technician. Canavan admitted at trial that BMW brake pads are more expensive than Textar but maintained that they possessed the same quality and functionality. Though Howe suggests the price difference is dispositive as to quality, she did not present evidence supporting this assertion. The Small Claims Court found Lynn Evans and Canavan credible when they testified that the price difference was merely because of BMW's stamp. We defer to the finder of fact on its determination of credibility and weight given to the evidence.

¶10 Besides Howe's testimony about the parties' oral agreement, there is no other record evidence that Celtic Motors agreed to install BMW-brand brake pads. The contemporaneous documentation of the goods and services rendered for the brake pads includes invoices and receipts from the transaction. Even considering the contents of the invoices, it is impossible to discern which brand of brake pads Celtic Motors installed in Howe's vehicle and for which brand she was charged. This is supported by Alex Evans's and Howe's email exchange and Canavan's testimony.

¶11 Substantial evidence supports the Small Claims Court's conclusion that the quality of BMW brake pads is the same as Textar. And given the dearth of evidence demonstrating the parties actually made an agreement to install BMW brake pads, the Small Claims Court did not misapprehend the effect of the evidence nor are we left with a definite and firm

5

conviction that it made a mistake when it determined that Celtic Motors did not use a bait and switch tactic when it repaired Howe's brake pads.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The Small Claims Court's findings of fact are not clearly erroneous.  We affirm the District Court's determination.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE